J-S41012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :            PENNSYLVANIA
                                                 :

                 v.                               :
                                               :
                                               :

JOHN ALLEN TOMASHUNAS        :
                                               :

            Appellant                   :       No. 539 MDA 2022

Appeal from the Judgment of Sentence Entered March 4, 2022
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0001243-2019

BEFORE:    LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY LAZARUS, J.:      **FILED: DECEMBER 9, 2022**

       John Allen Tomashunas appeals from the judgment of sentence, entered in the Court of Common Pleas of Northumberland County, after he pled guilty to criminal use of a communication facility.[1] We dismiss the appeal.

       On February 7, 2022, Tomashunas entered a negotiated plea of guilty to one count of criminal use of a communication facility. On March 4, 2022, the trial court sentenced Tomashunas to a term of two to five years' incarceration, plus fines and costs. Tomashunas did not file post-sentence motions. He filed a timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following claim for our review: "Was trial counsel ineffective when

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 7512(a).

[Tomashunas'] plea was unlawfully induced by his prior counsel?" Brief of Appellant, at 7.

Litigation of ineffectiveness claims is not a proper component of a defendant's direct appeal and is presumptively deferred for collateral attack under the Post Conviction Relief Act ("PCRA").[2] *See Commonwealth v. Holmes*, 79 A.3d 562, 578 (Pa. 2013) (establishing deferral rule for ineffectiveness claims litigated after *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002)). However, the *Holmes* Court recognized two limited exceptions to the deferral rule, both falling within the discretion of the trial court. *Id.* at 563-64. First, the Court held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious. *Id.* at 563. Second, the Court held that trial courts also have discretion to entertain multiple or prolix claims of ineffectiveness if there is good cause shown and the unitary review is preceded by a knowing and express waiver by the defendant of the right to seek review under the PCRA. *Id.* at 564.

The facts of the matter *sub judice* do not fall within the limited exceptions to the deferral rule set forth in *Holmes*. The trial court did not find the claim of ineffective assistance to be meritorious and apparent from the record as to require immediate vindication. *See* Statement in Lieu of Opinion, 5/18/22, at n.1. We agree with the trial court's finding. Additionally,

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

Tomashunas did not allege any good cause for seeking unitary review of his ineffectiveness claim and did not state he intended to waive collateral review. Therefore, neither of the exceptions outlined in **Holmes** is applicable here, and Tomashunas may not seek review of his ineffectiveness claim on direct appeal. **Holmes**, 79 A.3d 563-64. Accordingly, we dismiss the appeal without prejudice to Tomashunas' right to raise this claim in a timely PCRA petition. **See Commonwealth v. Stollar**, 84 A.3d 635, 652 (Pa. 2014) (dismissing, pursuant to **Holmes**, ineffectiveness claims raised on direct appeal without prejudice to pursue them on collateral review).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2022